UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN KOHUTE,

Petitioner,

v.

DEA AGENT ETHAN JOHNSON,

Respondent.

Case No. 3:26-cv-00264-ART-CSD

ORDER

Kevin Kohute, who is incarcerated at the Smith County Jail, in Tyler, Texas, initiated this habeas corpus action, *pro se*, on April 13, 2026, by submitting for filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1). This action will be summarily dismissed.

Kohute has not paid the filing fee for this action, and he has not filed an application to proceed *in forma pauperis*.

Furthermore, the Court has examined Kohute's petition and determines that it is frivolous and wholly without merit, and that this Court is without jurisdiction to adjudicate it.

Kohute appears to complain about his incarceration in Tyler, Texas, and about events that he believes occurred in Texas and elsewhere—but not in Nevada. (*See* ECF No. 1-1.) He does not allege any connection to the State of Nevada. (*See id.*) He names as the respondent "DEA Agent Ethan Johnson," but there is no indication that DEA Agent Ethan Johnson has custody of Kohute in Nevada. (*See id.*) There is no indication that any person with custody of Kohute is within the jurisdiction of this Court, so this Court could not possibly grant Kohute habeas corpus relief. "District Courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442

(2004) (quoting 28 U.S.C. § 2241(a)). This Court is without jurisdiction over this action.

The Court recognizes that it has discretion to transfer this case to the federal district court with jurisdiction over the Smith County Jail, which would be the United States District Court for the Eastern District of Texas, were it in furtherance of justice to do so. *See* 28 U.S.C. § 1631; 28 U.S.C. § 2241(d). But the Court has examined Kohute's petition and determines that it is frivolous and wholly without merit; it does not allege specific facts, or assert a valid legal ground, on which federal habeas corpus relief could possibly be granted. Therefore, the Court will summarily dismiss this action.

It is therefore ordered that this action is dismissed without prejudice. The petitioner is denied a certificate of appealability. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED THIS 21st day of April 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE